IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SARA DOMINGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | **JURY** |
| STATE FARM LLOYDS | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant STATE FARM LLOYDS ("Defendant SFL") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and would show as follows:

## I.     PROCEDURAL BACKGROUND

1.     On or about July 29, 2015, Plaintiff Sara Dominguez (hereinafter "Plaintiff") filed her Original Petition and Request for Disclosure ("the Petition") in Cause No. 2015CVF002565 D3 in the 341st Judicial District Court of Webb County, Texas, initiating a civil cause of action against Defendant SFL and co-Defendant Matt Segrave.  See Exhibit A.[1]

2.     Plaintiff specifically alleges breach of contract, violation of the Texas Deceptive Trade Practices Act, non-compliance with Sections 541 and 542 of the Texas Insurance Code, breach of duty of good faith and fair dealing and fraud.  Plaintiff further alleges that Defendant SFL and co-Defendant Matt Segrave's conduct was committed "knowingly" and/or "intentionally." Although Plaintiff alleges multiple claims and causes of action against Defendant SFL and co-Defendant Matt Segrave related to those Defendants' handling of an insurance claim submitted by Plaintiff, Plaintiff failed to timely execute service of process on co-Defendant Matt Segrave as

_____

[1] Co-Defendant Matt Segrave was dismissed from the lawsuit and therefore is not included within the caption of this removal.

required under the Court's Scheduling Order and recently the Court entered an order dismissing all claims asserted against co-Defendant Segrave which now makes this case removable.

3.      Defendant SFL received the Citation and the Petition on or about August 11, 2015, which was mailed via certified mail on August 7, 2015.  See Exhibit B.

4.      Defendant SFL filed its Original Answer with Special Exceptions on September 4, 2015.  See Exhibit C.

5.      An agreed Pre-Trial Guideline Order (Jury) was entered by the Court on October 19, 2015 setting a date certain for the perfection of service of process on any unserved defendants, and a subsequent date by which Plaintiff was required to dismiss any unserved defendant.  See Exhibit D. Plaintiff failed to serve Defendant Matt Segrave within the Court ordered deadline.

6.      Defendant SFL filed its Motion to Dismiss Unserved Defendant on January 27, 2016. See Exhibit E.  A hearing was held on March 30, 3016 on Defendant SFL's motion to dismiss wherein the Court informed the parties that it had previously entered an order dismissing unserved Defendant Matt Segrave on January 29, 2016.  However, neither party received the January 2016 order from the court and the Court's clerk confirmed that the order had not been disseminated to the parties at the time of entry.  The Court faxed a copy of the Order of Dismissal to Defendant SFL on March 30, 2016.[2]  See Exhibit F.

7.      Defendant SFL now files the instant Notice of Removal based on the grounds asserted herein because diversity now exists between the proper parties and the amount in controversy exceeds $75,000.  Promptly after filing this Notice of Removal, Defendant SFL is also filing a Notice of Removal of Civil Action with the State Court in which this case was previously pending.

---

[2] [Do we want to say here that "Upon request to the Court's clerk by Defendant SFL for a copy of the order, the Court's clerk confirmed that the order had not been disseminated to the parties at the time of entry."

## II.   <u>GROUNDS FOR REMOVAL</u>

8.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

§ 1332(a) because the proper parties to this suit are citizens of different states, and the matter in

controversy exceeds $75,000.00, exclusive of interest and costs.  Furthermore, removal is proper

because diversity now exists as a result of the dismissal of former co-Defendant Matt Segrave.

9.      At the time this action was commenced, Plaintiff was, and still is, a resident of Texas.

Pursuant to the Texas Administrative Code, proof of domicile is a requirement for application for a

Texas driver's license.   Tex. Admin. Code, Title 37 § 15.49.   Additionally, the Texas

Administrative Code requires a driver's license applicant to provide a Texas residence address.  *Id.*

at § 15.25.  The Fifth Circuit has stated that "the place of residence is prima facie the domicile." *See*

*Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954).  Additionally, "[f]or purposes of federal diversity

jurisdiction 'citizenship' and 'domicile' are synonymous." *See Hendry v. Masonite Corp.,* 455 F.2d

955, 955 (5th Cir. 1972).  Plaintiff in the instant case has a Texas driver's license containing a local,

Texas address and thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas

citizen.

10.      Defendant SFL was, at the time this action was commenced, and still is a citizen of a

state other than Texas.  Defendant SFL is a "Lloyds Plan" organized under Chapter 941 of the Texas

Insurance Code.  It consists of an unincorporated association of underwriters who were at the time

this action was commenced, and still are, all citizens of a state other than Texas for diversity

purposes.  See *Royal Ins. Co. of Am. V. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993)

(citizenship of unincorporated association determined by citizenship of members).   Therefore,

complete diversity of citizenship exists between Plaintiff and Defendant.

11.     With regard to the analysis of the amount in controversy, Plaintiff produced a report from Gustavo Grajales of Arroyo Construction which contains an estimate of repairs for Plaintiff's property that identifies the amount which Plaintiff is allegedly seeking from Defendant SFL.  The estimate produced by Plaintiff totals $47,351.00 in repairs alleged to be necessary.  Taking into account the estimate for repairs submitted by Plaintiff for her property subject to the lawsuit, the request for actual damages, attorney's fees, mental anguish, and statutory penalties "not to exceed three times the amount of actual damages" the amount in controversy for Plaintiff's claim exceeds the jurisdictional $75,000.00 amount.     To determine the amount in controversy, in addition to policy limits and potential attorneys' fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages—not just interest or costs.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 536 (5th Cir.1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount.");  *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700 (S.D. Miss.1988) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable.") (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943)).  Thus, the total amount of Plaintiff's economic damages exceeds $75,000.00 including attorneys' fees, statutory and punitive damages, satisfying the "amount in controversy" requirement of 28 U.S.C. § 1332(a).  Therefore, this action may be removed by Defendant SFL pursuant to 28 U.S.C. § 1441(b).

### III.     VENUE

12.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, Texas

State District Courts of Webb County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in that district.

## IV.     PROCEDURAL REQUIREMENTS

13.     Pursuant to 28 U.S.C. § 1446(a) and the Southern District of Texas Local Rule LR81, the following exhibits are attached and indexed:

Exhibit A:     A copy of Plaintiff's Original Petition and Request for Disclosure filed on July 29, 2015;

Exhibit B:     A copy of the Citation and executed process for Defendant SFL;

Exhibit C:     A copy of Defendant SFL's Original Answer and Special Exceptions filed on September 4, 2015;

Exhibit D:     A copy of the Pre-Trial Guideline Order (Jury) entered by the Court on October 19, 2015;

Exhibit E:     A copy of Defendant SFL's Motion to Dismiss Unserved Defendant filed on January 27, 2016;

Exhibit F:     A copy of the Order of Dismissal entered by the Court on January 29, 2016 dismissing co-Defendant Matt Segrave;

Exhibit G:     Pursuant to para. 3 of Local Rule LR81, all orders signed by the state judge which are an Order Setting Hearing on Motion to Extend Time dated February 17, 2016 and an Order Setting Oral Hearing on Defendant State Farm Lloyds' Motion to Dismiss Unserved Defendant dated February 23, 2016;

Exhibit H:     A copy of the state court docket sheet ("Civil Case Docket");

Exhibit I:     An index of all documents being filed; and

Exhibit J:     A list of all counsel of record.

14.     This Notice of Removal is being filed by Defendant SFL within thirty (30) days of receipt of the Court's Order of Dismissal, demonstrating that the case has become removable and is thus timely filed under 28 U.S.C. § 1446(b) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, _order_ or other paper from

which it may first be ascertained that the case is one which is or has become removable.) (emphasis added); *See also Green v. R.J. Reynolds Tobacco Co.,* 274 F.3d 263, 267-68 (5th Cir. 2001).  There exists an actual and justifiable controversy between Plaintiff and Defendant SFL with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

15.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

17.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 341st Judicial District of Webb County, Texas promptly after filing of same.

## V.     <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Defendants STATE FARM LLOYDS respectfully requests that the above-captioned action now pending in the 341st Judicial District Court of Webb County, Texas be removed to the United States District Court for the Southern District of Texas, Laredo Division.

Respectfully Submitted,

_/s/ Michael Klein_
Michael Klein
State Bar No. 11563200
S.D. Bar No. 5318
Lisa Magids
State Bar No. 24002600
S.D. Bar No. 22023
SEDGWICK LLP
919 Congress Ave., Suite 1250
Austin, TX  78701
(512) 481-8469
(877) 547-2790 - facsimile
michael.klein@sedgwicklaw.com
lisa.magids@sedgwicklaw.com

**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on April 13, 2016, I caused to be electronically filed the foregoing Notice with the Clerk of the Court using the CM/ECF system and a true and correct copy was served on counsel for Plaintiff, as listed below and in the manner indicated:

***Via Electronic Filing Service***
John Saenz
JOHN SAENZ & ASSOCIATES, P.C.
805 Dallas Ave.
McAllen, TX  78501

***Via Electronic Filing Service***
Peter E. Ferraro
THE FERRARO LAW FIRM
1011 W. 10th St.
Austin, TX  78703

*/s/ Michael Klein*
MICHAEL KLEIN