# EXHIBIT A

CAUSE NO. 2015 CVF0025265D3

| | | |
|---|---|---|
| SARA DOMINGUEZ | § | IN THE DISTRICT COURT |
| *PLAINTIFF,* | § | |
| | § | |
| | § | |
| vs. | § | 341st JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS and MATT | § | |
| SEGRAVE | § | |
| *DEFENDANTS* | § | WEBB COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PLAINTIFF, SARA DOMINGUEZ, (hereinafter referred to as "PLAINTIFF"), and file his Original Petition against DEFENDANTS, STATE FARM LLOYDS and MATT SEGRAVE for cause of action would respectfully show the Court the following:

### I.   Discovery

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFFS intends to conduct discovery under Level 2.

### II.

Defendant, STATE FARM LLOYDS, is an insurance company residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its registered agent for service from process at: Rendi Black C/O State Farm, 17301

1

Preston Road, Dallas, Texas 75252-5727.

Defendant, MATT SEGRAVE, is an insurance adjusting company residing in the state of Texas and may be cited with process Certified Mail Return Receipt Requested at its principal place of business at: 814 Artisan Way, San Antonio, Texas 78260

STATE FARM LLOYDS and MATT SEGRAVE are in the business of insurance in the State of Texas. The insurance business done by STATE FARM LLOYDS and MATT SEGRAVE in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF'S applications for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF.

5. The adjusting and inspection of PLAINTFF'S insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions.

2

PLAINTIFF is a consumer of DEFENDANTS, in that PLAINTIFF purchased insurance from said entity and/or service to be provided by it. Each Defendant is an individual corporation, association, partnership, or other legal entity engaged in the business of insurance. Such Defendants constitute persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

### III. Jurisdiction and Venue

Venue of this action is proper in WEBB County, Texas because: the policy at issue was issued and delivered in WEBB County, Texas; the properties insured are situated in WEBB County, Texas; PLAINTIFF'S losses occurred in WEBB County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF'S claims and causes of action occurred in WEBB County, Texas.

### IV. Facts

STATE FARM LLOYDS and MATT SEGRAVE, and/or its agents committed the actions alleged against PLAINTIFF in this complaint. PLAINTIFF owns the property located at: 801 Elk Dr., Laredo, Texas 78045, Policy No. 83-KC-0370-1  STATE FARM LLOYDS provided insurance coverage to the PLAINTIFF for such property, and personal property, as described above. During the term of said policies, PLAINTIFF sustained covered losses in the form of windstorm, hailstorm, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to STATE FARM LLOYDS pursuant to the terms of the insurance policies. As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the properties necessary to access and

fix the damaged areas. These are covered damages under PLAINTIFF'S insurance policy with STATE FARM LLOYDS. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having to dwell in a damaged property during the pendency of STATE FARM LLOYDS MATT SEGRAVE'S conduct. STATE FARM LLOYDS utilizes a pattern in its business practice to deny, delay and underpay named PLAINTIFF'S claim.

### V. Agency and Respondent Superior

Whenever in this petition it is alleged that the Defendants did any act or omission, it is meant that Defendant itself or their agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendants or done in normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

### VI. Conditions Precedent

All notices and proofs of loss were timely and properly given to STATE FARM LLOYDS and MATT SEGRAVE in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to STATE FARM LLOYDS. All of the conditions precedent to bring this suit under the insurance policies have occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery has occurred and/ or has been

performed, STATE FARM LLOYDS has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VII.   Breach of Contract-STATE FARM LLOYDS

PLAINTIFF purchased insurance the above-mentioned insurance policies with STATE FARM LLOYDS. PLAINTIFF'S property were damaged by windstorm, hailstorm, and water damage, of which are covered under the insurance policies. STATE FARM LLOYDS has denied and/or delayed payment of PLAINTIFF'S covered claims. STATE FARM LLOYDS has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. STATE FARM LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of STATE FARM LLOYDS was irresponsible, and unconscionable. STATE FARM LLOYDS took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. STATE FARM LLOYDS has, by its conduct, breached its contract with the PLAINTIFF. The conduct of STATE FARM LLOYDS has proximately caused the injuries and damages to the PLAINTIFF.

## VIII.   Second Cause of Action: DTPA Violations-STATE FARM LLOYDS

PLAINTIFF is a consumers entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, STATE FARM LLOYDS has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

(a)     STATE FARM LLOYDS  made false representations about PLAINTIFF'S rights, remedies and obligations under the policy at issue. These statements were a

misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)   STATE FARM LLOYDS actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)   STATE FARM LLOYDS failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policies which was known by STATE FARM LLOYDS at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)   As described above, STATE FARM LLOYDS violated Chapter 541, Texas Insurance Code, entitling PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

STATE FARM LLOYDS took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes; misrepresented losses covered under the insurance policies, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. STATE FARM LLOYDS' conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues. The conduct of STATE FARM LLOYDS was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. In addition, STATE FARM LLOYDS has shown a pattern of delay, underpayment of claims and denial of PLAINTIFF'S covered damages. Because of that, STATE FARM LLOYDS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.  PLAINTIFF

seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

IX.    Unfair Insurance Practices-STATE FARM LLOYDS

STATE FARM LLOYDS failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. STATE FARM LLOYDS failed to properly process claims and have misrepresented material facts to the PLAINTIFF. STATE FARM LLOYDS has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, STATE FARM LLOYDS has intentionally failed to fully investigate the losses; failed to properly convey all information to PLAINTIFFS; and has intentionally ignored damages to the property. PLAINTIFF'S property suffered from covered losses and damages of which STATE FARM LLOYDS is fully aware. STATE FARM LLOYDS has concealed damage known by them to exist. STATE FARM LLOYDS has known about covered windstorm, hailstorm and water damages but have failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S pleas for help. STATE FARM LLOYDS has failed to warn PLAINTIFF of consequential damage to his property.

By its conduct outlined above, STATE FARM LLOYDS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. STATE FARM LLOYDS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    STATE FARM LLOYDS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable

7

clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     STATE FARM LLOYDS failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     STATE FARM LLOYDS refused to pay a claim without conducting a reasonable investigation with respect to the claims (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     STATE FARM LLOYDS breached its duty of good faith and fair dealing at common law;

(5)     STATE FARM LLOYDS failed within a reasonable time to affirm or deny coverage of a claim to a policyholders (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

(6)     STATE FARM LLOYDS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurers policy (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)     STATE FARM LLOYDS compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholders (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)     STATE FARM LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

8

(9)     STATE FARM LLOYDS undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)    STATE FARM LLOYDS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policies issued or to be issued:

> (i)     the terms of the policy; and/or
>
> (ii)    the benefits or advantages promised by the policy.

(11)    STATE FARM LLOYDS made an untrue statement of material facts (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(12)    STATE FARM LLOYDS failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(13)    STATE FARM LLOYDS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(14)    Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(15)    Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

STATE FARM LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFF for which he sues. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFF is entitled to recover an award not to exceed three times the amount of actual damages due to STATE FARM LLOYDS'S knowing conduct.

X.  Breach of the Duty of Good Faith and Fair Dealing-STATE FARM LLOYDS

From and after the time the PLAINTIFF'S claims were presented to STATE FARM LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims. STATE FARM LLOYDS refused to accept the claims in totality and pay the PLAINTIFF as the policies required. At that time, STATE FARM LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear.  STATE FARM LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying valid claims. This constitutes failing to handle or process PLAINTFF'S claims in good faith, an affirmative duty placed on the Defendants, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, STATE FARM LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFF. STATE FARM LLOYDS breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which she sues.

10

XI.    Texas Insurance Code 542, Subchapter B Delay in Payment-STATE FARM
LLOYDS

PLAINTIFF gave prompt notice of claims to STATE FARM LLOYDS. STATE
FARM LLOYDS has engaged in unfair settlement claims practices as discussed above
and denied and/or have delayed payment on PLAINTIFF'S claim. STATE FARM
LLOYDS reliance on reports and estimates from its adjusters and investigating adjusters
has been "merely pretextual" and unreasonable. STATE FARM LLOYDS investigation
and use of adjusters' reports was an "outcome oriented investigation". PLAINTIFF
alleges that STATE FARM LLOYDS has overused MATT SEGRAVE and dispute the
reliability of their investigative findings. STATE FARM LLOYDS failed to comply with
the requirements of Chapter 542 listed herein:

(a)    Failing to notify PLAINTIFF in writing, within 15 business days after
receiving all of the items, statements, and forms required by the insurer to
secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)    Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the
items, statements, and forms required by the insurer to secure final proof
of loss, of the acceptance or rejection of a claim; and

(c)    Failing to request all of the items, statements and forms the Defendant
reasonably believed at the time would be required from PLAINTIFF to
pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF is
entitled to recover from STATE FARM LLOYDS the statutory penalty of 18% per

annum on all amounts due on PLAINTIFF'S claim, together with attorney's fees, for which she sues.

XII. Allegations Against MATT SEGRAVE

PLAINTIFF, is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). MATT SEGRAVE is a "person" subject to the insurance code by its conduct outlined, MATT SEGRAVE has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S, damages:

(a)     MATT SEGRAVE made false representations about PLAINTIFF'S, rights, remedies and obligations under the policy at issue. These statements were a misrepresentation of the insurance policy and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     MATT SEGRAVE actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     As described above, MATT SEGRAVE violated Chapter 541.060, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

MATT SEGRAVE took advantage of PLAINTIFF'S, lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to PLAINTIFF'S property. MATT SEGRAVE conduct as described herein was a producing cause of damages to PLAINTIFF, for which she sues. The conduct of MATT

SEGRAVE was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, MATT SEGRAVE may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF, seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

MATT SEGRAVE inspected PLAINTIFF'S property but failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair to areas of PLAINTIFF'S property including but not limited to the roof, interior walls, trim, and windows. MATT SEGRAVE failed to properly process claims and has misrepresented material facts to PLAINTIFF. MATT SEGRAVE has failed to address all damage to the property and its contents causing further damage to PLAINTIFF. Further, MATT SEGRAVE has intentionally failed to fully investigate the loss and neglected damaged areas; failed to properly convey all information to PLAINTIFFF; and has intentionally ignored damages to the property. PLAINTIFF'S property suffered from covered losses and damages of which MATT SEGRAVE is fully aware MATT SEGRAVE concealed damage known by it to exist. MATT SEGRAVE has known about covered windstorm, hailstorm and water damages but have failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S and pleas for help. MATT SEGRAVE has failed to warn PLAINTIFF of consequential damage to her property. MATT SEGRAVE failed to reasonably investigate and perform testing at PLAINTIFF'S property.

By its conduct outlined above, MATT SEGRAVE committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the

statutes, rules and regulations incorporated therein.  MATT SEGRAVE committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     MATT SEGRAVE made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policies issued or to be issued:

        (i)     the terms of the policy; and/or

        (ii)     the benefits or advantages promised by the policy.

(2)     MATT SEGRAVE made untrue statement of material facts as to the extent of PLAINTIFF'S damages. MATT SEGRAVE in addition made untrue statements of material facts as to the windstorm, hailstorm, and water coverage provisions of PLAINTIFF'S insurance policy and how it applied to their claims. (Tex. Ins. Code Ann. 541.060(a) (1); 28 TAC section 21.203(1));

(3)     MATT SEGRAVE failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(4)     MATT SEGRAVE made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(5)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

MATT SEGRAVE'S conduct as described herein was a producing cause of damages to PLAINTIFF'S, for which she sues. Pursuant to Texas Insurance Code, Chapter 541.152, PLAINTIFF is entitled to recover an award not to exceed three times the amount of actual damages due to MATT SEGRAVE'S knowing conduct.

XIII.   Conspiracy and Fraud

In addition, PLAINTIFF allege that STATE FARM LLOYDS and MATT
SEGRAVE have engaged in a concerted effort, and/or conspiracy to defraud PLAINTIFF
of payment due under the insurance policy STATE FARM LLOYDS failed to properly
process PLAINTIFF'S claim, failed to address all damage to the home and its contents,
intentionally failed to fully investigate PLAINTIFF'S losses, failed to properly convey all
information to PLAINTIFF, concealed damages known to exist, failed to properly
perform testing, failed to warn PLAINTIFF of consequential damages to the home, took
advantage of PLAINTIFF'S lack of knowledge in construction, repairs, and insurance
claims processing, denied, delayed and/or assisted in the denial or delay for payment of
covered insurance claims, misrepresented and/or assistance in the misrepresentation of
insurance policy terms; and misrepresented and/ or assisted in the misrepresentation of
the amount and extent of damages to PLAINTIFF'S property.

MATT SEGRAVE has acted to misrepresent to PLAINTIFF, the extent of
damages to PLAINTIFF'S property along with said actions above, knowing them to be
false or making them recklessly without regard to whether it is true or false, intending
PLAINTIFF to rely on such misrepresentations to PLAINTIFF'S damage and
denial/delay of insurance claim payments, intentionally failed to fully investigate
PLAINTIFF'S losses including but not limited to the roof, interior walls, windows, and
exterior, failed to properly perform testing to PLAINTIFF'S structure, and
misrepresented terms of the insurance policy and coverage related to windstorm,
hailstorm, and water damage under the insurance policy.

XIV.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contracts, PLAINTIFF has substantially complied and/or are excused. In the alternative, PLAINTIFF make the allegation of waiver and/or estoppel as to every defense or exclusion plead by STATE FARM LLOYDS, and MATT SEGRAVE, as to any exclusion, condition, or defense pled by STATE FARM LLOYDS, PLAINTIFF would show that:

1.  The clear and unambiguous language of the policies provide coverage for properties damage caused by hail, windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policies is void as against public policy;

2.  Any other construction and its use by STATE FARM LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3.  Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4.  Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5.  The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with STATE FARM LLOYDS. In this regard, PLAINTIFF would show that his insurance policies were renewed uninterrupted for many years; and

16

6.   The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policies, the rules of construction of such policy mandate the construction and interpretation urged by PLAINTIFF. In the alternative, STATE FARM LLOYDS is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policies coverage at issue. To the extent that the wording of such policies does not reflect the true intent of all parties thereto, PLAINTIFF plead the doctrine of mutual mistake requiring reformation.

### XV.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, PLAINTIFF herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

### XVI.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the DEFENDANTS for actual attorney's fees, cost of suit, mental anguish, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading.

17

## XVII. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that STATE FARM

LLOYDS and MATT SEGRAVE disclose, within 50 days of the service of this request,

the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

JOHN SAENZ & ASSOCIATES, P.C.
805 Dallas Ave.
McAllen, Texas 78501
Telephone: (956) 467-0111
Facsimile: (956) 467-1742

JOHN SAENZ
State Bar# 24038046
ATTORNEY FOR PLAINTIFF

18